AF Approval _(signature)_                                    Chief Approval _(signature)_

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

    **v.**                                    CASE NO. 6:23-cr-_109-CEM-EJK_

MICHAEL REMALEY

_(clerk stamp: CLERK, US DISTRICT COURT / MIDDLE DISTRICT FLORIDA / ORLANDO, FL — 2023 JUN -8 PM 3:45 — FILED)_

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Michael Remaley, and the attorney for the defendant, Mark O'Brien, Esq., mutually agree as follows:

### A.   Particularized Terms

#### 1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Information. Count One charges the defendant with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). Count Two charges the defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).

#### 2.   Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a fine of up to $250,000, a term of supervised release of 5 years to life, and a special assessment of $100.

Defendant's Initials _M.R._

Count Two is punishable by a mandatory minimum term of imprisonment of 5 years up to 20 years, a fine of up to $250,000, a term of supervised release of 5 years to life, and a special assessment of $100.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

In addition, the Court may impose an additional special assessment pursuant to 18 U.S.C. § 2259A, of not more than $50,000 for an offense involving the production of child pornography.

3.    <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

<u>First:</u>      an actual minor, that is, a real person who was less than 18 years old, was depicted;

<u>Second:</u>    the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Defendant's Initials 𝘞𝘔·𝘙                    2

| Third: | the visual depiction was produced using materials that had been transported in interstate or foreign commerce by any means, including by computer; or the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce. |
|---|---|

The Elements of Count Two are:

| First: | the Defendant knowingly distributed an item or items of child pornography; |
|---|---|
| Second: | the item or items of child pornography were transported in interstate or foreign commerce including by computer; and |
| Third: | when the Defendant distributed the item or items, the Defendant believed the item or items contained child pornography. |

4.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

5.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

6.    Mandatory Restitution to Victims of Offenses of Conviction

Pursuant to 18 U.S.C. § 2259, the defendant agrees to make restitution to known victims of the offenses for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant

Defendant's Initials VM·[initials]    3

agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

      7.    Acceptance of Responsibility - Three Levels

          At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

          Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials ꞯꞯ . ꞯ        4

8.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: an iPhone 12 Pro Max, serial number F2LF8X870D42; and Dell G3 3590 Laptop, serial number 6LPXWZ2.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event

the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time under Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the

Defendant's Initials VM · R̶                    6

government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Defendant's Initials M·R          7

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

9.     Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Defendant's Initials W.R.                    8

B.  **Standard Terms and Conditions**

1.  Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

2.  Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from

Defendant's Initials W. R.                 9

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the countto which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in

Defendant's Initials W·R          10

which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials M·R                11

6.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.      Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the

Defendant's Initials M. R.                    12

defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

Defendant's Initials w. R̶                    13

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

**13.**   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___2___ day of ___June___, 2023

ROGER B. HANDBERG
United States Attorney


**Michael Remaley**
Defendant


Shawn P. Napier
Assistant United States Attorney


Mark O'Brien
Attorney for Defendant


Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Office


Defendant's Initials _M.R_                16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:23-cr-

MICHAEL REMALEY

PERSONALIZATION OF ELEMENTS

Count One:

First:      Was an actual minor, that is, a real person who was less than 18
            years old, depicted?

Second:     Did you employ, use, persuade, induce, entice, or coerce the
            minor to engage in sexually explicit conduct for the purpose of
            producing a visual depiction, of the conduct?

Third:      Did you produce the visual depiction using materials that had
            been transported in and affecting interstate or foreign commerce
            by any means, including by computer; or was the visual depiction
            actually transported or transmitted using any means or facility of
            interstate or foreign commerce?

Count Two:

First:      Did you knowingly distribute an item or items of child
            pornography?

Second:     Were the item or items of child pornography transported in
            interstate or foreign commerce including by computer?

Third:      When you distributed the item or items, did you believe the item
            or items contained child pornography?

Defendant's Initials M. R.                    17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                      CASE NO. 6:23-cr-

MICHAEL REMALEY

## FACTUAL BASIS

On or about October 12, 2021, the defendant, Michael Remaley, did employ, use, persuade, induce, entice, or coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce by any means, including by computer, or was actually transported or transmitted using any means and facility of interstate or foreign commerce.

On or about October 22, 2021, in the Middle District of Florida, and elsewhere, the defendant, Michael Remaley, did knowingly distribute child pornography using any means and facility of interstate or foreign commerce.

Beginning on October 10, 2021, the defendant began to send messages via Snapchat, from the Middle District of Florida, to B.S., who was also located in the Middle District of Florida. These messages continued until about October 24, 2021. In several of these messages the defendant asked B.S. to do sexual acts. For example, on October 12, 2021, the following exchange took place:

Defendant:   Fuck ok how about you pee on your fingers and then slide

Defendant's Initials ᴍᴍ. R              18

|  |  |
|---|---|
|  | it in your pussy. |
| B.S.: | No message content to display. |
| Defendant: | Is that a yes [Smiling emoji] |
| B.S.: | No message content to display |
| B.S.: | No message content to display |
| Defendant: | Mmmm sexyyyyyy [devil emoji and smiling emoji] |
| B.S.: | ikr |
| B.S.: | No message content to display |
| B.S.: | No message content to display |
| Defendant: | Mmmmm omfgggggg |
| Defendant: | Use the plunger |
| B.S.: | I forgot about that |
| B.S.: | No message content to display |
| B.S.: | No message content to dispay |
| B.S.: | No message content to display |
| Defendant: | Mmmm use it and shove it deep in |
| B.S.: | No message content to display [sent 8 times] |
| Defendant: | Mmmmm just put the plunger down and sit on it and go deep |
| B.S.: | Ill tryyyy |
| Defendant: | Mmmmm yesssss this is turning me on sm |
| Defendant: | Use the faucet |
| B.S.: | So no plunger? |
| Defendant: | Nah use the faucet now |
| B.S.: | Okie |
| B.S.: | No message content to display |
| B.S.: | No message content to display |
| B.S.: | No message content to display |
| Defendant: | Mmmmm sit down and let the water hit your pussy |
| Defendant: | Mmmm don't stop until I tell you too |
| B.S.: | Okie |
| Defendant: | Mmmm more |
| B.S.: | No message content to display |
| B.S.: | What you wanna see? |
| Defendant: | More of that and you should also grind the bottom of the tub |
| B.S.: | No message content to display |
| B.S.: | No message content to display |
| B.S.: | No message content to display |
| B.S.: | No message content to display |
| Defendant: | Mmmmmm yesss good baby girl even more |
| B.S.: | No message content to display |

Defendant's Initials WM R          19

Law enforcement obtained this exchange after serving a search warrant on Snapchat. Snapchat representatives provided that when a message indicates "no message content to display" it is usually a photograph or video that was sent from one user to another via the Snapchat application.

Law enforcement interviewed B.S. and her parents in March 2022. B.S. admitted that she communicated with the defendant on Snapchat and identified his username. During this time, B.S. was 14 years old and the defendant claimed that he was 15 years old. The defendant was actually 20 years old. B.S. provided that the defendant asked her to send him pictures and videos of something penetrating her vagina. B.S. stated that she sent the defendant multiple videos of "things" penetrating her vagina. Specifically, she stated that the videos were consistent with the requests made in the messages from the defendant above, including lying in the bathtub with the faucet running over her vagina.

In addition, while using Snapchat from the Middle District of Florida, on October 22, 2021, the defendant had a conversation with Snapchat account GNP.[1] During that conversation, the defendant claimed he had nudes of girls between 11-16 years old. The defendant shared several media files with GNP which constitute child pornography as well as several files with age difficult females engaged in sexually explicit conduct. Specifically, one of the videos the defendant shared depicts a minor female who appears to be approximately 5-8 years old, laying on her back with her

---

[1] GNP is an abbreviation for the actual account name.

vagina exposed to the camera. The minor female's vagina is being penetrated by an adult male's penis.

The defendant asked if GNP has any 11-12 year olds and GNP replied no. The defendant continued to engage in chats with GNP and asked what the "youngest" he had and GNP replied that he is not sure, he just has "a bunch." The defendant also asked GNP if he (GNP) knew "for sure some of them are underage" and included two smiley face emojis with their tongues out. GNP responded "yea prolly...U send and then I'll find some."

During both of these interactions, the defendant utilized an iPhone 12 Pro Max, serial number F2LF8X870D42; and Dell G3 3590 Laptop, serial number 6LPXWZ2.

Defendant's Initials ⱱⱱⱴ ℗